IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| MEREN ED THOMPSON, JR, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:25-CV-00071-H-BU |
| GOVERNMENT OUTFIT OR AGENCY, | § § § | |
| Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff MEREN ED THOMPSON, JR., initiated this 28 U.S.C. §1983 action against the named defendants, alleging they violated his constitutional rights. Dkt. No. 1. The case was referred to the undersigned under Special Order 3 and Thompson has not consented to the undersigned exercising this Court's full jurisdiction. Dkt. No. 2.

For reasons discussed below, the undersigned finds that Thompson has failed to comply with the Court's Order to pay the required filing fee or file an application to proceed *in forma pauperis* (IFP). In addition, Thompson has failed to provide a short, plain statement of his claim as required by Federal Rule of Civil Procedure 8(a), preventing the undersigned from screening his claims even if the Court granted him IFP status. Because Thompson has failed to comply with the Court's orders, the undersigned RECOMMENDS that the Court DISMISS Thompson's claims for failure to prosecute and failure to comply with a court order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Thompson first filed his claim on September 14, 2025. Dkt. No. 1. However, Thompson failed to file an application to proceed *in forma pauperis* or pay the required filing fee. Thompson's Complaint consisted of disjointed and fanciful allegations against the unidentified government agency, such as "using Satellite Imagery" to project sexual images into his mind, conduct experiments on him, and force him into a life sentence in prison. Dkt. No. 1 (cleaned up). The undersigned concluded that Thompson's Complaint failed to concisely plead facts indicating he was entitled to relief. Thus, on September 16, 2025, the undersigned ordered Thompson to (1) either file an application to proceed IFP or pay the required filing fee, and (2) replead his claims on the provided Pro Se Civil Complaint Form. Dkt. No. 6.

On October 14, 2025, Thompson filed three separate motions, requesting a copy of an FBI warrant and the "dismissal" of various forms of evidence against him. Dkt. No. 6–8. However, Thompson failed to replead his claims on the Civil Complaint Form as required by the Court's order; in addition, Thompson again failed to pay the filing fee or apply to proceed IFP. The undersigned on October 15, 2025, entered a Show Cause Order requiring Thompson to comply with the prior order and explain his failure to do so by November 1, 2025. Dkt. No. 9. Thompson has not responded to the Court's Show Cause Order, and has not communicated with the Court since October 14.

## II. LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute.

*Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

A plaintiff is required to comply with the pleading requirements of the Federal Rules of Civil Procedure. In particular, Rule 8(a) requires a plaintiff to provide a short and plain statement of the court's jurisdiction, the plaintiff's claim, and the relief the plaintiff desires. Courts will liberally construe the pleadings of pro se plaintiffs and hold their complaints to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the court cannot construe what it cannot make sense of; "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). Ultimately, "judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Hall v. Civil Air Patrol, Inc.*, 193 F. App'x 298, 299 (5th Cir. 2006) (internal citations omitted).

In addition, the plaintiff must generally pay a filing fee to file their claim in federal court. 28 U.S.C.A. § 1914. In the Northern District of Texas, the filing fee is $405.00. https://www.txnd.uscourts.gov/fee-payment-schedule. However, a pro se inmate is

afforded the opportunity to proceed IFP. An inmate who is granted IFP status is only required to pay part of the filing fee initially, and then is charged monthly until the fee is paid in full. 28 U.S.C. § 1915(a). The application to proceed IFP requires the inmate to file an affidavit of indigency and a certified copy of their trust account for the preceding six months. *Id.*

### III. ANALYSIS

As discussed above, Thompson has failed to comply with the Court's orders to either pay the filing fee or apply to proceed IFP. Thompson has also failed to adequately plead his case as required by Rule 8(a). These failures support involuntary dismissal under Rule 41(b). *Tello v. Rayford*, No. SA-22-CV-01299-XR, 2023 WL 2336985 (W.D. Tex. Jan. 30, 2023), *appeal dismissed*, No. 23-50156, 2023 WL 5599013 (5th Cir. Aug. 17, 2023) (dismissing a pro se inmate's complaint under 41(b) where he failed to comply with the court's order to either pay the filing fee or file an IFP application); *Hall*, 193 F. App'x at 300 (dismissing pro se litigant's complaint for failure to comply with Rule 8(a)).

However, nothing in the record indicates that Thompson has acted with bad faith or with the intent to cause a purposeful delay. For this reason, the undersigned recommends that this case be dismissed without prejudice to him refiling his claims.

### IV. CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DISMISS Thompson's claims without prejudice.

### V. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on

all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 3rd day of November 2025.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

5